# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vicki Fryer,                                  Civil No. 09-3197 (DWF/RLE)

           Plaintiff,

v.                                            **MEMORANDUM**
                                                   **OPINION AND ORDER**

Citimortgage, Inc.,

           Defendant.

---

Vicki Fryer, *Pro Se*, Plaintiff.

---

This matter is before the Court on Plaintiff Vicki Fryer's application for a temporary restraining order (Doc. No. 2). For the reasons stated below, this Court denies the application, but without prejudice to a motion for preliminary injunctive relief properly filed and served on Defendant.

Proceeding *pro se*, Fryer filed this action on November 16, 2009, to "quiet title" to her residence, alleging that Defendant–in violation of various federal laws–was in the process of pursuing foreclosure on that property and eviction of Plaintiff. (Doc. No. 1.) That same day, Fryer filed an application for a temporary restraining order (TRO) (Doc. No. 2), seeking to prevent Defendant from proceeding with the foreclosure and eviction.

A federal court may issue a temporary restraining order on an *ex parte* basis "only if" two requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Fryer has not met this demanding standard. *See, e.g.*, *Saygnarath v. BNC Mortgage, Inc.*, 2007 WL 1141495 (D. Minn. April 17, 2007) (discussing standard and denying *ex parte* relief). Fryer has not certified in writing any attempts to notify Defendant of her request for a TRO. Moreover, she has not provided "specific facts in an affidavit or a verified complaint" that "clearly show" her right to *ex parte* relief before Defendant can be heard.

Accordingly, the Court denies the application for a TRO, but without prejudice to any appropriate preliminary injunctive relief.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application for a temporary restraining order (Doc. No. 2) is **DENIED** (without prejudice to a properly-supported motion for a preliminary injunction).


Dated: November 17, 2009                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge