# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vicki Fryer,                            Civil No. 09-3197 (DWF/RLE)

          Plaintiff,

v.                                     **MEMORANDUM**
                                         **OPINION AND ORDER**

Citimortgage, Inc.,

          Defendant.

---

Vicki Fryer, *Pro Se*, Plaintiff.

---

This matter is before the Court on Plaintiff Vicki Fryer's renewed application for a temporary restraining order (Doc. No. 7). For the reasons stated below, this Court denies the application, but without prejudice to a motion for preliminary injunctive relief properly filed and served on Defendant.

Proceeding *pro se*, Fryer filed this action on November 16, 2009, to "quiet title" to her residence, alleging that Defendant–in violation of various federal laws–was in the process of pursuing foreclosure on that property and eviction of her. (Doc. No. 1.) That same day, Fryer filed an application for a temporary restraining order (TRO) (Doc. No. 2), seeking to prevent Defendant from proceeding with the foreclosure and eviction. This Court denied that application, based in part on Fryer's failure to satisfy the requirement of Fed. R. Civ. P. 65(b)(1)(B) that a party seeking such extraordinary *ex parte* relief certify in writing any efforts made to give notice and reasons why it should not be required.

(Doc. No. 5.)  The Court also informed Fryer of the Federal Bar Association's program to provide volunteer lawyers to *pro se* litigants such as herself.  (Doc. No. 6.)

An application for a temporary restraining order presents the applicant with a particularly difficult standard to meet for several reasons, not the least of which is that it seeks relief on an *ex parte* basis–that is, as an exception to the basic principle of due process that *both* sides of a dispute will be heard before a court renders a decision and grants any relief.  Thus the threshold requirement of Rule 65(b)(1)(B) that a litigant seeking such relief establish at least that it attempted to notify its opponent that it was seeking such relief and explaining to the court why it should proceed without the opponent having an opportunity to respond.  Fryer's renewed request for a TRO still fails to satisfy this requirement.  Nor does her renewed filing "clearly show" that she will incur irreparable injury before Defendant could be heard.

Moreover, although her submissions to date do not provide the Court with a complete record of the dispute, it appears that proceedings were initiated in Minnesota state court before Fryer filed the present action in federal court.  (Doc. No. 8 (noting that she "has commenced a lawsuit to enjoin the furtherance of the eviction and unlawful detainer action of the Defendant" filed in Minnesota state court).)  In short, because she now asks this Court for injunctive relief that could likely impinge on the state-court proceedings, there may be an issue of federalism presented by the Anti-Injunction Act, 28 U.S.C. § 2283 (generally prohibiting a federal court from issuing an injunction "to stay proceedings in a State court").

A TRO presents a difficult standard to meet as it is; seeking one without legal representation only increases that difficulty; and seeking one that raises issues under the Anti-Injunction Act would likely be beyond the abilities of even the most capable *pro se* litigant. The Court thus urges Fryer to consider obtaining legal representation.

Accordingly, the Court denies the renewed application for a TRO, but without prejudice to any appropriate preliminary injunctive relief.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's renewed application for a temporary restraining order (Doc. No. 7) is **DENIED** (without prejudice to any motion for a preliminary injunction).


Dated: November 20, 2009	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge